UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAMION R. COLLINS,**

    Petitioner,

v.                                           Case No. 8:20-cv-1073-MSS-AAS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

**O R D E R**

Collins petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for sexual battery on a minor, lewd and lascivious molestation of a minor, and incest. (Doc. 1) The Respondent files a limited response asserting that the petition is untimely (Doc. 7), and Collies replies that that the limitation period should equitably toll. (Doc. 8) After reviewing the pleadings and the relevant state court record, the Court construes the Respondent's limited response as a motion to dismiss and **DENIES** the construed motion.

**PROCEDURAL HISTORY**

A jury found Collins guilty of four counts of sexual battery on a minor, one count of lewd and lascivious molestation of a minor, and one count of incest. (Doc. 7-2 at 814–17) The trial court sentenced Collins to concurrent life prison terms on all counts, except the incest conviction, for which Collins received a sentence of five years. (Doc. 7-2 at 819–33) The state appellate court affirmed Collins's convictions and sentences. (Doc. 7-3 at 2)

The state appellate court denied Collins's petition alleging ineffective assistance of appellate counsel. (Doc. 7-3 at 104) The post-conviction court denied Collins relief after an

1

evidentiary hearing (Doc. 7-7 at 2–31), and the state appellate court affirmed. (Doc. 7-8 at 121) Collins's federal petition followed.

In his federal petition, Collins asserts (1) trial counsel was ineffective for not demonstrating at trial that a superficial injury and seminal fluid on the victim's vagina resulted from sexual contact by another male, (2) trial counsel was ineffective for not retaining a mental health expert to testify that the victim suffered from mental illness which caused her to lie about the sexual battery, (3) appellate counsel was ineffective for not arguing on direct appeal that admission of testimony by the prosecutor's expert witness violated Collins's right to a fair trial, (4) trial counsel was ineffective for not adequately cross-examining the prosecutor's expert witness, and (5) trial counsel was ineffective for not introducing into evidence at trial that Collins enrolled the victim in classes for sex education and rape prevention. (Doc. 1 at 13–23)

## ANALYSIS

A one-year statute of limitation applies to a petition for a writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). The limitation period starts to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On October 7, 2011, the state appellate court affirmed Collins's convictions and sentences in a decision without a written opinion. (Doc. 7-3 at 2) The state supreme court lacked jurisdiction to review the unelaborated decision. *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). Collins did not seek further review in the U.S. Supreme Court, and the time to seek that review expired ninety days later — January 6, 2012. Sup. Ct. R. 13(3). The limitation period started to run the next day. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

2

The limitation period tolls while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). On August 10, 2012, Collins placed in the hands of prison officials for mailing his petition alleging ineffective assistance of appellate counsel. (Doc. 7-3 at 6–20) At that time, the limitation period had run 216 days. On October 10, 2012, the state appellate court denied the petition in a decision without a written opinion. (Doc. 7-3 at 104) The limitation period continued to toll until the time to file a motion for rehearing expired, or fifteen days after the order denying the petition entered — October 26, 2012. *Nix v. Sec'y, Dep't Corrs.*, 393 F.3d 1235, 1237 (11th Cir. 2004). The limitation period started to run the next day and expired 149 days later — March 25, 2013. Collins placed his federal petition in the hands of prison officials for mailing on May 5, 2020. (Doc. 1) Consequently, his federal petition is untimely.

On April 18, 2013, Collins placed in the hands of prison officials for mailing a motion for post-conviction relief. (Doc. 17-2 at 7) Because Collins filed the post-conviction motion after the limitation period expired, the post-conviction motion did not toll the limitation period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").[1]

---

[1] On June 1, 2021, the post-conviction court granted the prosecutor's motion for a written finding that Collins qualified as a sexual predator and entered an order with a written finding. (Doc. 13-2 at 66) Because a sexual predator designation is not a sentence or a punishment, the order does not constitute a new judgment that reset the limitation period. *Saintelien v. State*, 990 So. 2d 494, 496 (Fla. 2008) ("[A] sexual predator designation is 'neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.'") (quoting § 775.21(3)(d), Fla. Stat.). *Patterson v. Sec'y, Fla. Dep't Corrs.*, 849 F.3d 1321, 1326 (11th Cir. 2017) ("[T]he text of the governing statute makes clear that the only judgment that counts for purposes of section 2244 is the judgment 'pursuant to' which the prisoner is 'in custody.'").

**Equitable Tolling**

Collins asserts that the limitation period should equitably toll because he did not timely receive the order denying his petition alleging ineffective assistance of appellate counsel. (Doc. 1 at 24)

Attachments to his reply confirm that he did not timely receive the order. On September 10, 2012, after Collins submitted an appendix containing the trial transcripts to the state appellate court, he requested that the state appellate court confirm receipt of the appendix. (Doc. 8-1 at 8) The state appellate court clerk replied with a docket sheet and advised that "[t]he case is pending in this court and you (or your attorney if you are represented) will be notified by mail when a decision is reached." (Doc. 8-1 at 10) A month later, on October 10, 2012, the state appellate court denied the petition. (Doc. 7-3 at 104) On April 11, 2013, Collins placed in the hands of prison officials for mailing a notice of supplemental authority. (Doc. 8-1 at 13–17) On April 18, 2013, the state appellate court advised Collins that the order denying his petition had entered on October 10, 2012. (Doc. 8-1 at 21)

On April 18, 2013, Collins placed in the hands of prison officials for mailing his post-conviction motion. (Doc. 17-2 at 7) On April 24, 2013, Collins mailed a letter to the state appellate court clerk requesting a copy of the order denying his petition alleging ineffective assistance of appellate counsel and asking when the clerk mailed to him the order. (Doc. 8-1 at 23) On April 26, 2013, the state appellate court mailed to Collins a copy of the order. (Doc. 8-1 at 30) The following week, on May 1, 2013, Collins mailed to the state appellate court clerk a copy of mail logs from the prison where he was incarcerated showing that he never received mail from the state appellate court around the date that the order denying

4

the petition entered. (Doc. 8-1 at 24–28) On May 13, 2013, the state appellate court clerk responded that the clerk mailed the order to Collins's address at the prison. (Doc. 8-1 at 36) The clerk suggested that Collins may petition for belated review in the state supreme court if his failure to timely receive the order prevented him from seeking further review. (Doc. 8-1 at 36)

On May 15, 2013, Collins placed in the hands of prison officials for mailing to the state supreme court a petition for a writ of mandamus. (Doc. 8-1 at 39–44) Collins asserted that the state appellate court failed to provide him with documents proving the date when the clerk mailed the order denying his petition. (Doc. 8-1 at 42) Collins supplemented his mandamus petition with a letter from a records custodian at the prison who confirmed that Collins never received mail from the state appellate court between October 8, 2012 and December 31, 2012. (Doc. 8-1 at 46, 49–56) On October 14, 2013, the state supreme court denied the mandamus petition. (Doc. 7-3 at 109)

On October 28, 2013, Collins placed in the hands of prison officials for mailing to the state supreme court a petition for belated review. (Doc. 8-1 at 58–64) Because the state supreme court lacked jurisdiction to review the state appellate court's decision without a written opinion, the state supreme court denied the petition for belated review. (Doc. 7-3 at 113)

Collins asserts that the limitation period should equitably toll under these extraordinary circumstances. (Doc. 8 at 4–5) Equitable tolling applies to a Section 2254 petition and requires the petitioner to demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544

5

U.S. 408, 418 (2005)). "[A] 'lengthy delay between the issuance of a necessary order and an inmate's receipt of it' can constitute an extraordinary circumstance that warrants equitable tolling 'if the delay prevented the inmate from filing a timely federal habeas corpus petition.'" *Mashburn v. Comm'r, Ala. Dep't Corrs.*, 713 F. App'x 832, 839 (11th Cir. 2017)[2] (citing *Drew v. Dep't Corrs.*, 297 F.3d 1278, 1288 (11th Cir. 2002), *overruled on other grounds by Pace*, 544 U.S. at 417).

After Collins requested confirmation that the state appellate court clerk received his appendix, the clerk responded: ". . . you (or your attorney if you are represented) will be notified by mail when a decision is reached." (Doc. 8-1 at 10) On October 10, 2012, the state appellate court denied the petition. (Doc. 7-3 at 104) Mail logs from the prison where Collins was incarcerated (Doc. 8-1 at 24–28) and a letter from a records custodian at the prison (Doc. 8-1 at 49–56) demonstrate that Collins did not timely receive the order. Six months later, on April 11, 2013, Collins filed a notice of supplemental authority. (Doc. 8-1 at 13–17) A week later, on April 18, 2013, the state appellate court advised Collins for the first time that an order had entered denying him relief. (Doc. 8-1 at 21)

Because the state appellate court clerk informed Collins that he would receive notice by mail when the court reached a decision, Collins acted diligently by contacting the clerk six months after the order denying the petition entered. Also, Collins acted diligently by immediately petitioning the state supreme court for relief (Doc. 8-1 at 39–44) and filing a post-conviction motion to attempt to toll the federal limitation period, after learning about the order denying relief. (Doc. 17-2 at 7)

---

[2] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

*Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002), determined that the limitation period equitably tolled under similar circumstances:

> In this case, the fact that the Supreme Court of Georgia failed to notify Knight of its decision was certainly beyond Knight's control. Knight, as a *pro se* imprisoned defendant, exercised diligence in inquiring about the decision. It is understandable that Knight did not make any inquiries until February of 1998 because the Georgia Supreme Court clerk had assured him that he would be notified as soon as a decision was made. After over a year had passed, Knight, on his own initiative, contacted the clerk seeking information about the status of his case. Until the clerk responded, Knight had no way of knowing that his state remedies had been exhausted. The law is clear that he could not file a federal motion until his pending state application was denied. 28 U.S.C. § 2254(b)–(c). Therefore, he had every reason to delay such filing until he knew that state relief had been denied. Such circumstances meet the requirements of *Sandvik* [*v. United States*, 177 F.3d 1269 (11th Cir. 1999)] so that Knight was entitled to have the time limitations of AEDPA equitably tolled until the date that he received notice that the state court had denied relief. *See Woodward v. Williams*, 263 F.3d 1135 (10th Cir. 2001) (holding that lack of knowledge of state court decision may provide basis for equitable tolling when prisoner acts diligently); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that when prisoner diligently seeks information about the status of his case, the limitations period may be equitably tolled until he receives notice of its denial).

Collins did not immediately file a federal petition when he learned about the state appellate court's order denying relief. However, in his federal petition, Collins asserts both ineffective assistance of trial counsel claims and an ineffective assistance of appellate counsel claim. (Doc. 1 at 13–23) Collins could not file a federal petition until he exhausted his remedies in state court. *See* 28 U.S.C. § 2254(b). After learning about the order denying relief, Collins immediately filed a motion for post-conviction relief and filed two additional motions for post-conviction relief to exhaust his state court remedies for the ineffective

7

assistance of counsel claims in his federal petition. Eighteen days after the state post-conviction proceedings concluded, Collins filed his federal petition. (Docs. 1 and 7-8 at 136)

Under these circumstances, Collins pursued his rights diligently, and the limitation period equitably tolled. *Mashburn*, 713 F. App'x at 842 ("In this case, Mashburn was not immediately in a position to file a federal habeas petition on the date he received notice of the dismissal of his Rule 32 petition. Rather, Mashburn had to complete two additional levels of state appellate review in order to fully exhaust his state remedies. Once he was notified of the dismissal on August 23, 2011, Mashburn worked expeditiously to complete the required additional levels of review.").

Consequently, the limitation period started to run on January 7, 2012, ninety days after the state appellate court affirmed his convictions and sentences in a decision without a written opinion. (Doc. 7-3 at 2) On August 10, 2012, Collins placed in the hands of prison officials for mailing his petition alleging ineffective assistance of appellate counsel. (Doc. 7-3 at 6–20) At that time, the limitation period had run 216 days and began to toll. On October 10, 2012, the state appellate court denied the petition in a decision without a written opinion. (Doc. 7-3 at 104) Because Collins did not timely receive the order, the limitation period equitably tolled until April 18, 2013, when Collins learned about the order denying relief. (Doc. 8-1 at 21)

The same day, on April 18, 2013, Collins placed in the hands of prison officials for mailing a post-conviction motion that tolled the limitation period (Doc. 17-2 at 2–7), and later filed two additional post-conviction motions. (Doc. 17-2 at 9–60, 62–79) The post-conviction court denied as meritless the first motion and dismissed with leave to amend the second and third motions because the second and third motions exceeded the page limit.

8

(Doc. 17-2 at 84–87) Collins filed a second amended motion for post-conviction relief (Doc. 7-3 at 115–62) that related back to the earlier filed motions for limitation purposes. *Green v. Sec'y, Dep't Corrs.*, 877 F.3d 1244, 1248 (11th Cir. 2017). The post-conviction court denied the second amended motion (Doc. 7-7 at 2–31), and the state appellate court affirmed. (Doc. 7-8 at 121) Mandate on post-conviction appeal issued on April 16, 2020, and the limitation period started to run the next day. (Doc. 7-8 at 136) *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). The limitation period ran for eighteen days until May 5, 2020, when Collins placed in the hands of prison officials for mailing his Section 2254 petition. (Doc. 1) Because only 234 days had run on the one-year limitation period, Collins's petition is timely filed.

Accordingly, the Respondent's construed motion to dismiss (Doc. 13) is **DENIED**. No later than **60 DAYS** from the date of this Order, the Respondent must submit a supplemental response addressing the merits of Collins's petition. No later than **30 DAYS** after the Respondent submits the supplemental response, Collins may file a reply. The reply must not exceed twenty pages.

The Clerk is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this case until the parties submit the supplemental briefs.

**DONE AND ORDERED** in Tampa, Florida on June 1, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE